VENABLE LLP
Daniel S. Silverman (SBN 137864)
Email:   dsilverman@venable.com
Stephanie A. Montaño (SBN 276474)
Email:   samontano@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:   (310) 229-9901

Kimberly Culp Cloyd (SBN 238839)
Email:   kculp@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA  94111
Telephone:  (415) 653-3750
Facsimile:   (415) 653-3755

Attorneys for Defendants
BLACKSTONE LABS, LLC;
SINGERMAN & BRAUN, LLC
d/b/a Prime Nutrition;
AARON SINGERMAN; and
PJ BRAUN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>                    Plaintiff,<br><br>           v.<br><br>BLACKSTONE LABS, a Florida Limited Liability Company; SINGERMAN & BRAUN, LLC, a Florida Limited Liability Company d/b/a Prime Nutrition; HARDCORE VENTURES, LLC, a Washington Limited Liability Company; AARON SINGERMAN, an individual, PJ BRAUN, an individual, MITCH BARHAM, an individual, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO. 2:15-cv-1670-TJH (ASx)<br><br>Hon. Terry J. Hatter Jr.<br>Courtroom 17 (Spring Street)<br><br>**REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date:  September 14, 2015<br>Time:  UNDER SUBMISSION<br><br>Action Filed:     March 6, 2015<br>First Amended Complaint Filed:<br>                            May 25, 2015<br>Trial Date:        None set |

# REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, and in connection with its concurrently-filed Motion to Dismiss the First Amended Complaint ("FAC") Pursuant to Rule 12(b)(6), Defendants Blackstone Labs, LLC ("Blackstone"); Singerman & Braun, LLC d/b/a Prime Nutrition ("Prime"); Aaron Singerman; and PJ Braun ("Defendants"), respectfully request that the Court take judicial notice of the following exhibits, true and correct copies of which are attached hereto:

**Exhibit 1**: The label for Defendant Blackstone's Angel Dust product.

**Exhibit 2**: The label for Defendant Prime's PWO/STIM product.

**Exhibit 3**: An article written by Pieter Cohen referred to in the FAC as the Harvard Study at paragraph 31.

## II. ANALYSIS

The Court should take judicial notice of Exhibits 1-3 in considering Defendants' Motion to Dismiss the FAC. Rule 201(b) of the Federal Rules of Evidence authorizes courts to take judicial notice of facts that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Neither party can reasonably dispute the authenticity of Exhibits 1-3. Plaintiff refers to Exhibits 1 and 2 in the FAC at paragraphs 29 and 30, and Plaintiff can easily confirm the accuracy of Exhibits 1 and 2 by comparing to products that were on the market. Plaintiff also explicitly refers to the Harvard Study at paragraph 31 and can easily confirm the authenticity of the Exhibit 3, which is a published and readily accessible study.

A matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

/ / /

1  In evaluating a Rule 12 motion, courts are entitled to consider "evidence on which the complaint 'necessarily relies,'" even if the evidence is not physically attached to the complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiff's FAC—which is premised on allegations about the Angel Dust and PWO/STIM labels—necessarily relies on the labels. Plaintiff likewise premises its claim that AMP Citrate is illegal on the Harvard Study.

Moreover, the incorporation by reference doctrine permits a court to "consider a writing referenced in the complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007); *see also Marder*, 450 F.3d at 448. Plaintiff cannot reasonably dispute the authenticity of Exhibits 1-3 because the FAC relies on them and, in any event, they are publicly available. *See Hernandez v. Path*, *Inc.*, Case No. 12-1515, 2012 WL 5194120, at *3 (N.D. Cal. Oct. 19, 2012) (taking judicial notice of portion of defendant's privacy policy because it was "publicly available" and "reference[d]" in the complaint).

## III. CONCLUSION

Defendants respectfully request that the Court take judicial notice of Exhibits 1-3 in connection with Defendants' concurrently-filed Motion to Dismiss the FAC Pursuant to Rule 12(b)(6).

Dated: August 3, 2015

Respectfully submitted,

**VENABLE LLP**

By: /s/ Daniel S. Silverman
Daniel S. Silverman
Kimberly Culp Cloyd
Stephanie A. Montaño
Attorneys for Defendants
BLACKSTONE LABS, LLC;
SINGERMAN & BRAUN, LLC
d/b/a Prime Nutrition; AARON
SINGERMAN; and PJ BRAUN